UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

CHRISTOPHER LEON CLARK,

    Petitioner,

v.                                                  3:05-cv-097
                                                    3:00-cr-100

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION**

The petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2254; because the petition concerned a federal conviction, the court treated it as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and ordered the U.S. Attorney to respond. As a result of the response by the U.S. Attorney, the court ordered District Attorney General Randall E. Nichols to inform the court of the status of petitioner's state court proceedings, which he has now done. For the following reasons, the petitioner's motion will be **DENIED** and this action **DISMISSED WITHOUT PREJUDICE**.

Petitioner alleges that he was brought into federal custody in June, 2000; he pleaded guilty in this court to armed carjacking and was sentenced on January 19, 2001, to 65 months

imprisonment. According to petitioner, he has been incarcerated in the Knox County Jail for the duration of his federal sentence, has never had a state conviction, and has not received jail credit on his federal sentence. Petitioner claims that he has, by now, served his entire federal sentence.

The U.S. Attorney states that petitioner was brought into federal custody for the limited purpose of his federal prosecution and was returned to state custody at the conclusion of the prosecution, where he remains. The U.S. Attorney further states that petitioner will be returned to federal custody as soon as he is released by the state authorities, and that a determination whether the time he has served in state custody counts toward his federal sentence will not be made until he is taken into federal custody.

District Attorney General Randall E. Nichols has informed the court of the status of petitioner's state court proceedings and has provided the court with copies of the judgments entered in those proceedings. By judgment entered April 21, 2005, in the Criminal Court of Knox County, Tennessee, petitioner pled guilty to voluntary manslaughter, a lesser included offense of the indicted charge of first degree murder. He was sentenced to ten years imprisonment. The sentence was ordered concurrent with petitioner's federal sentence and he received pretrial jail credit from April 15, 2000, to April 21, 2005. The following charges were dismissed: theft, evading arrest and felony evading arrest; theft and evading arrest; aggravated assault; and assault. According to Mr. Nichols, these judgments cover all cases that were pending in the Knox County Criminal Court as of April 21, 2005, and there are no further charges pending against petitioner.

2

The Attorney General, through the Bureau of Prisons, is authorized to grant credit for pretrial detention pursuant to 18 U.S.C. §3585(b). *United States v. Wilson*, 503 U.S. 329, 333 (1992). As noted by the U.S. Attorney, however, such a determination will not be made until petitioner is in federal custody. Petitioner is now in state custody pursuant to a state conviction. In addition, a district court may grant relief under 28 U.S.C. § 2241 if a sentence is not properly credited. *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). Nevertheless, before the district court can consider such relief, a petitioner must demonstrate that he has exhausted his administrative remedies with the Bureau of Prisons. *See United States v. Westmoreland*, 974 F.2d 736, 737-38 (6th Cir. 1992).

Under the circumstances, petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255 and his motion will be **DENIED**. This action will be **DISMISSED WITHOUT PREJUDICE**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                           s/ Leon Jordan
                                             United States District Judge